**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. AMY LONDON,<br><br>Plaintiff,<br><br>v.<br><br>2. STATE OF OKLAHOMA, ex rel. OKLAHOMA DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. CIV-26-<br><br>TITLE VII AND AGE DISCRIMINATION RETALIATION, ARISING IN OKLA. CNTY<br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

**COMPLAINT**

**COMES NOW THE PLAINTIFF,** and for her cause of action, herein alleges and states as follows:

**PARTIES**

1. The Plaintiff is Amy London, an adult female who resides in Oklahoma County, Oklahoma.

2. The Defendant is the State of Oklahoma ex rel the Oklahoma Department of Education.

**JURISDICTION AND VENUE**

3. Plaintiff's action is one for gender and age discrimination in employment and retaliation which is prohibited by Title VII of the Civil Rights Act of 1964 and the ADEA, 29 U.S.C. § 626(c). Jurisdiction over the federal claim is vested in this Court under 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

4. All of the claims arose in Oklahoma County and the Defendant is located in such county. Oklahoma County is within the Western District of the United States District Court of Oklahoma, wherefore venue is proper in the Court

under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff is an adult female over the age of sixty (60) who was employed by the Defendant from on or about January 2, 2024 until her wrongful termination on July 17, 2025. At the time of her termination, Plaintiff was the Executive Secretary to the State Board of Education.

6. At all times the Plaintiff performed her job in a satisfactory manner and was qualified for her position.

7. After Plaintiff's termination, the position she held continued to exist and was filled by a younger person.

8. Plaintiff was one of the oldest individuals working in the Executive Suite, and throughout her employment, Plaintiff did not receive pay raises, but younger, male staff members would receive pay raises.

9. Matt Mohler (male, early 50s, Chief of Staff) controlled the hiring of administrative assistants and most senior leadership. All of the administrative assistants were women under the age of forty, and all senior leadership were men, except Susan Miller (female, 50s, Chief Human Resources Officer). The older male senior leadership, all over the age of fifty (50), were not limited in the performance of their duties. In terms of communications with the Board, Michael Beason (age 50's) was allowed to interact with the Board without interference.

10. On or about December of 2024, Plaintiff was voted to the appointed position of Executive Secretary. After Plaintiff began her role in January of 2025, Matt Mohler began discriminating against her based on the combination of gender plus age. Mr. Mohler restricted communications necessary to accomplish Plaintiff's work, something he did not do with the senior male leadership. In

particular, Matt Mohler directed Plaintiff not to communicate with the State Board of Education members before 24 hours prior to any public meeting. Ryan Walters approved this directive.

11. On or about March 23, 2025, Mohler told Grace Kim and other colleagues that he did not trust the Plaintiff.

12. On information and belief, on or about June 26, 2025, Mr. Mohler directed Kory Kile (male, 22, legal intern) to create a digital depository to contain all work products that were to be submitted to Plaintiff for Board agendas so that Plaintiff's work could be changed without her knowledge. Plaintiff did not know of this directive or about the depository until later that day when Blythe Hicks, (female, early 30s, assistant general counsel) told Plaintiff about the depository and showed her a picture of it on her phone. Mohler had informed Ms. Hicks and a group of colleagues not to tell Plaintiff about the depository.

13. On or about June 26, 2025, Mr. Mohler told a group of personnel, excluding the Plaintiff, that, among other comments, Plaintiff had a big mouth, that he would have already fired Plaintiff but he could not, and that Plaintiff did not need to know what they were doing. Ms. Hicks told Plaintiff about these comments.

14. On or about June 30, 2025, Plaintiff filed a grievance with Jamie Miles, (female, 40s, human resources professional), detailing various complaints regarding age and gender harassment and hostile work environment, and violations of the Defendant's Code of Conduct and Code of Ethics.

15. On July 10, 2025, Ms. Miller responded to the fact of Plaintiff's grievance, but her response did not address the age or gender issues.

16. On or about July 17, 2025, Ms. Miller and Ms. Phelps (OSDE General Counsel), acting at the direction of higher, male managers, terminated Plaintiff

without notice or cause.

17. The real reason for Plaintiff's termination was retaliation for her report of gender plus age discrimination, and gender plus age discrimination.

18. Plaintiff filed her charge of discrimination and retaliation on or about January 28, 2026, and received her right to sue letter thereafter. This action is filed within ninety (90) days of receipt of the right to sue letter.

## PRAYER

**WHEREFORE** Plaintiff prays that the Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual damages, front and back pay, together with pre- and postjudgment interest, costs, attorney's fees, and such other relief as the Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 28th DAY OF OCTOBER, 2026.**

s/Mark Hammons
HAMMONS, HURST, & ASSOC
Mark Hammons, OBA No. 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: assistant@hammonslaw.com
**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**